(93 South. 279)

### FORRESTER v. STATE.  (6 Div. 10.)

(Court of Appeals of Alabama.  May 9, 1922.)

Habeas corpus ⬤═30(2) — That indictment charged manufacture of liquors without alleging date of crime not ground for discharge.

A defendant, convicted of manufacturing prohibited liquors under indictment which alleged no date as to the commission of the offense other than is formal to indictments, will not be discharged from custody in habeas corpus proceedings.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Application for writ of habeas corpus by William Forrester to procure his discharge from the state penitentiary. From an order denying the relief sought, petitioner appeals. Affirmed.

The petition alleges that he is unlawfully restrained of his liberty, in that he is confined under a conviction for distilling, and that the indictment under which he stands convicted is void, in that it fails to allege and charge that the offense was committed after the law had been in effect for 60 days or more. The judgment shows that he was convicted under the first count in the indictment, which charged him with making or manufacturing prohibited liquors, but alleges no date as to its commission other than is formal to indictments.

W. C. McMahan, of Helfin, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. Appellant filed petition, for writ of habeas corpus, before Hon. William E. Fort, judge of the Tenth judicial circuit, in which it is insisted that he is being illegally restrained of his liberty by virtue of void proceedings against him in the circuit court of Cleburne county, Ala.

The order of the judge below in denying the writ and in refusing to grant the prayer in the petition, and in remanding the petitioner to the custody of the penitentiary authorities, is correct in all things, and no error was committed in so doing. The petition, exhibits, and answer thereto affirmatively show that the petitioner is not entitled to the relief sought.

The judgment rendered herein is affirmed.

Affirmed.